UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KUSHAWN S. MILES,

        Plaintiff,

Case No. 2:19-cv-167

v.

Honorable Paul L. Maloney

DAVID RINK et al.,

        Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant James Corrigan. The Court will also dismiss for failure to state a claim Plaintiff's claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA).

**Discussion**

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. The events about which he complains occurred at that facility. Plaintiff sues URF Chaplain David Rink and URF Assistant Deputy Warden James Corrigan, in their respective personal capacities.

Plaintiff alleges that he is a Moorish-American Muslim and that his sincerely held religious beliefs require that he adhere to Muslim dietary rules. Accordingly, on August 18, 2018, and August 25, 2018, Plaintiff sent kites to Defendant Rink requesting approval for Plaintiff's participation in the religious meal program at URF. On September 2, 2018, Plaintiff, having not received any response, filed a grievance against Defendant Rink.

Defendant Rink responded to the grievance at the first step. Plaintiff objected to Rink's role as respondent to a grievance about himself because it was a violation of MDOC policy. Rink informed Plaintiff that Defendant Corrigan had approved the arrangement.

As part of the response to the grievance, Rink had Plaintiff fill out an application for religious meal accommodation. The chaplain told Plaintiff that he would process the application and submit it to the Correctional Facilities Administration (CFA) Special Activities Coordinator—the only person who could approve the application.

Then, Rink asked Plaintiff to sign off on the grievance. Plaintiff refused. Defendant Rink then told Plaintiff "good luck with trying to get on a religious diet" and left. Defendant Rink, and then Defendant Corrigan, signed off on the grievance response.

Plaintiff never received approval for the religious diet. In connection with similar litigation against other MDOC personnel, *Miles v. Mich. Dep't of Corr. et al.*, No. 1:18-cv-352 (W.D. Mich.), Plaintiff obtained an affidavit from the CFA Special Activities Coordinator

2

indicating that he had never received an application from URF.  Plaintiff contends that Defendants purposely impeded Plaintiff's application in retaliation for Plaintiff's refusal to sign off on the grievance, in violation of Plaintiff's First Amendment rights.  Moreover, Plaintiff claims Defendants actions interfered with Plaintiff's exercise of his religion in violation of the First Amendment Free Exercise Clause and RLUIPA.  In addition, Plaintiff claims Defendants discriminated against him for exercising his First Amendment rights in violation of the Fourteenth Amendment Free Exercise Clause.  Finally, Plaintiff contends that Defendants' actions violated Plaintiff's rights under state law.

Plaintiff seeks compensatory and punitive damages and declaratory relief.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

3

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. RLUIPA

RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to [a prison] . . . unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see also Haight v. Thompson*, 763 F.3d 554, 559-60 (6th Cir. 2014). Plaintiff contends that each Defendant has violated RLUIPA; however, he sues each defendant in his personal capacity. (Compl., ECF No. 1, PageID.2, 5.) RLUIPA does not create a cause of action against an individual in that individual's personal capacity. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd Sossamon v. Texas*, 563 U.S. 277 (2011)[1]; *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) ("[RLUIPA]

---

[1] The Supreme Court granted certiorari only on the question "Whether an individual may sue a State or state official in his official capacity for damages for violation of" RLUIPA. *Sossamon v. Texas*, 560 U.S. 923 (2010). Thus, the

does not create a cause of action against state employees in their personal capacity."); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) ("RLUIPA does not provide a cause of action against state officials in their individual capacities . . . .").[2] Because Plaintiff has sued Defendants in only their personal capacities, he has failed to state a RLUIPA claim against them.

### B. Defendant Corrigan

Plaintiff's only allegations regarding Defendant Corrigan are that he approved Rink's handling the response to a grievance about Rink and then signed off on Rink's grievance response. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each

---

Supreme Court left undisturbed and unreviewed the Fifth Circuit's holding that "RLUIPA does not create a cause of action against defendants in their individual capacities." *Sossamon*, 560 F.3d at 331.

[2] In *Haight*, 763 F.3d at 554, the Sixth Circuit analyzed whether Congress's spending power permitted a RLUIPA damages claim against an individual prison official in the official's personal capacity. The court rested its determination that such claims were not permitted on its conclusion that "appropriate relief" under RLUIPA was not a sufficiently clear statement to authorize such a damages claim. *Id.* at 567-569. The court stopped short of adopting the reasoning that swayed the Fifth Circuit in *Sossamon* and subsequent federal circuit court panels. *Haight*, however, did not squarely present the issue whether a personal capacity suit for injunctive or declaratory relief might be available.

5

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has failed to allege that Defendant Corrigan engaged in any active unconstitutional behavior. At best, Plaintiff alleges that Defendant Corrigan violated MDOC policy when he authorized Rink to respond to a grievance about Rink. Defendant Corrigan's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. Accordingly, Plaintiff fails to state a § 1983 claim against Defendant Corrigan.

Plaintiff's complaint may also include claims against Defendant Corrigan under state law. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993). Because Plaintiff fails to state a federal claim against Defendant Corrigan, this Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff has raised against Defendant Corrigan.

### C. Defendant Rink

Accepting Plaintiff's allegations as true, he has adequately alleged claims against Defendant Rink for violation of Plaintiff's First Amendment free exercise and Fourteenth Amendment equal protection rights. Plaintiff has also adequately alleged a claim for First Amendment retaliation and state-law causes of action.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Corrigan will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's RLUIPA claims. Plaintiff's First Amendment retaliation claim, First Amendment free exercise claim, Fourteenth Amendment equal protection claim, and state-law claims against Defendant David Rink remain in the case.

An order consistent with this opinion will be entered.

Dated: September 26, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge